**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

SUMMER SET MUSIC AND CAMPING )
FESTIVAL, LLC, an Illinois limited )
liability company, )
  )
          Plaintiff, )
  )  Case No. 15-cv-490
    v. )
  )
FLOAT-RITE, Inc., a Wisconsin )
Corporation, )
  )
  )
         Defendant. )
  )

**VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff Summer Set Music and Camping Festival, LLC ("Plaintiff"), by its attorneys, as

and for its verified complaint for injunctive and other relief against Defendant Float-Rite, Inc.

("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.    Plaintiff, in conjunction with its affiliated entities, organizes and produces the

three-day Summer Set Music and Camping Festival (the "Festival"), a music festival held once a

year at the Somerset Amphitheater in Somerset, Wisconsin. The 2015 Festival will be the fourth

annual Festival organized and produced by Plaintiff. Each year since 2012, the Festival has

grown in popularity, scope and profitability. In addition to music, Plaintiff offers festival-goers

various onsite camping options to complete the festival experience. Plaintiff's campsites and

other festival grounds, along with the music lineup, promotional artwork and the name "Summer

Set" itself, are organized and/or designed to promote, cultivate and provide the atmosphere and

overall experience that has come to be associated with the Summer Set Music and Camping Festival brand.

2.     Defendant owns and operates a campsite across the street from the Festival site. In addition to offering sites for tents, Defendant also rents cabins.  As a result of the location of its campsite, Defendant inevitably profits from the Festival by renting campsites and cabins to Plaintiff's festival-goers.  But that overflow business was not enough for Defendant.  In an attempt to cash-in on Plaintiff's hard work and enormous investment in building its brand over the years, Defendant is improperly exploiting Plaintiff's trademarks and logo.  For example, Defendant infringed Plaintiff's registered trademark "Summer Set Music and Camping Festival" by registering, trafficking in and using the website www.summersetmusicfestivalcamping.com. In addition, Defendant is using Plaintiff's trademark to promote its campsite on multiple websites and its Facebook page.  Defendant's wrongful actions have resulted in festival-goers renting Defendant's campsites rather than Plaintiff's, caused confusion among festival-goers regarding Defendant's affiliation (or lack thereof) with Plaintiff, and dilution of Plaintiff's brand.

3.     This lawsuit is brought to: (a) obtain a temporary restraining order, preliminary injunction and permanent injunction prohibiting Defendant from using the Summer Set trade mark or otherwise suggesting to the public that it is affiliated with Plaintiff in any way; (b) recover actual, treble and statutory damages resulting from Defendant's violations of the Anti-Cybersquatting Consumer Protection Act, the Lanham Act, the and the Wisconsin Deceptive Trade Practices Act; and (c) recover attorneys' fees and costs associated with bringing this action.

## PARTIES

4.      Plaintiff Summer Set is an Illinois limited liability company.  While jurisdiction is not predicated on diversity of citizenship, Plaintiff's sole member is a Delaware limited liability company.

5.      Defendant Float-Rite, Inc. is a Wisconsin corporation with its principal place of business in Somerset, Wisconsin.

## JURISDICTION AND VENUE

6.      This is a civil action alleging Trademark Infringement, Unfair Competition and Cybersquatting arising under 15 U.S.C. §§ 1125(d) (Cyberpiracy); 1114 (Trademark Infringement), 1125(a) (Unfair Competition), as well as a violation of the Wisconsin Deceptive Trade Practices Act, W.S.A. 100.18.

7.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b) and supplemental jurisdiction over the state law claim alleged herein under 28 U.S.C. § 1367(a).

8.      Venue is proper in this district under 28 U.S.C. § 1391(b), (c) and (d).

## FACTS COMMON TO ALL COUNTS

### The Summer Set Music And Camping Festival

9.      The Festival is a three-day music festival, held annually since 2012 at the Somerset Amphitheater in Somerset, Wisconsin (the "Festival Venue").  The 2015 Festival is scheduled to take place August 14-16.  Attendees travel to the Festival from all over the country.

10.      The Festival's capacity is over 40,000 people per day.  Festival goers can purchase single day tickets or three-day passes.  In addition to selling tickets to the Festival, Plaintiff also rents access to various campgrounds that are physically connected to the Festival

Venue.  Plaintiff's campsite options range in price from approximately $125 for a tent-only campsite that can accommodate up to six people to $500 for recreational vehicle camping. Plaintiff had approximately 2,880 campsites available for rent of which approximately 445 remain available as of the date this Complaint was filed.

11.     Plaintiff recently reduced the prices of its remaining available campsites.

12.     Plaintiff expends significant resources to market and advertise the Festival.  In particular, Plaintiff maintains a website at "www.summersetfestival.com" ("Plaintiff's Website") to market the Festival.  Individuals visiting Plaintiff's Website can, among other things, purchase tickets to the Festival, see the lineup of musical acts performing at the Festival, and reserve and rent campsites at the Festival.  Plaintiff also aggressively markets and advertises the Festival through, among other things, various social media platforms, a variety of other online outlets, miscellaneous print advertisements, street marketing teams and third-party websites.  Plaintiff spends approximately $100,000 per year on these marketing efforts.

**The Summer Set Mark**

13.     On January 22, 2013, Plaintiff filed an application with the United States Patent and Trademark Office ("PTO") for the mark "Summer Set Music & Camping Festival" (Serial No. 85829369).

14.     On May 13, 2014, the PTO granted Plaintiff's registration of the mark "Summer Set Music and Camping Festival" on the Principal Register, Registration No. 4527855 (the "Summer Set Mark").  The Summer Set Mark is *prima facie* evidence of the validity and ownership of, and is constructive notice of ownership, of the mark, as provided by 15 U.S.C. §§ 1057(b) and 1072.

15.     Plaintiff has expended considerable resources marketing, advertising and promoting goods and services under the Summer Set Mark and has been using the Summer Set Mark since 2012.

16.     Plaintiff has sold a considerable number of tickets and camping site rentals for past Festivals as well as the 2015 Festival pursuant to and while using the Summer Set Mark.

17.     Plaintiff has established goodwill in connection with its business, which goodwill the public associates with the Summer Set Mark.

**Float-Rite Park**

18.     Defendant owns and operates a camping facility called Float-Rite Park on land across the street from the Festival Venue ("Float-Rite Park").

19.     Defendant is using the Summer Set Mark and is falsely and misleadingly representing an affiliation between Float-Rite Park and the Festival to market, promote and advertise Float-Rite Park in an attempt to lure festival goers who otherwise would camp at Plaintiff's campsites.  In doing so, Defendant is infringing upon the Summer Set Mark, deceiving consumers, creating substantial confusion in the marketplace regarding whether Float-Rite Park is affiliated with Plaintiff and diluting Plaintiff's brand.

**Defendant's Float-Rite Website**

20.     Defendant promotes Float-Rite Park on its website with the URL www.floatrite.com ("Defendant's Float-Rite Website").  At the top of the home page of Defendant's Float-Rite Website there is a banner stating: "Camp At Float-Rite During The Summer Set Music Festival" which is a blatant attempt to use the Summer Set Mark to induce customers to stay at the Float-Rite Park.  A screen shot taken on August 5, 2015 of the Float-Rite Website home page is below as Figure 1.



Fig. 1.

21.    Defendants are not authorized to use any iteration of the Summer Set Mark including, without limitation, the phrase "Summer Set Music Festival" on the Float-Rite Website.

**Defendant's Summer Set Website**

22.    In addition to Defendant's Float-Rite Website, Defendant is also promoting Float-Rite Park on a second and new website with the URL www.summersetmusicfestivalcamping.com ("Defendant's Summer Set Website"). A screen shot taken on August 5, 2015 of Defendant's Summer Set Website's home page is below as Figure 2.



Fig. 2

23.     The domain name, sometimes referred to as a URL, www.summersetmusicfestivalcamping.com improperly incorporates the Summer Set Mark, which alone is a violation of anti-cybersquatting laws.

24.     Defendant's Summer Set Website also includes artwork depicting the silhouettes of people attending a music festival.  Float-Rite does not regularly host large music festivals and is not hosting a music festival the same weekend as the Summer Set Festival.  The silhouette artwork is designed to confuse consumers and imply that Defendant's campsite is affiliated with Plaintiff's Festival**.**  (*See* Fig. 2, above.)

25.     Defendant's Summer Set Website also prominently displays the words "Summer Set Music Festival Camping" which directly infringes upon the Summer Set Mark.  (*See* Fig. 2, above.)

26. Causing further confusion, Defendant's Summer Set Website displays the lineup of musicians scheduled to play at the 2015 Festival.  A screen shot taken on August 5, 2015 of Defendant's Summer Set Website's home page after scrolling down is below as Figure 3.



Fig. 3.

27. Defendant's Summer Set Website also has what it refers to as a "Summer Set Music Map."  This reference to the Summer Set Music Map is another misuse of the Summer Set Mark.  A screen shot taken on August 5, 2015 of Defendant's Summer Set Website's home page after scrolling down further is below as Figure 4.



Fig. 4

28.     When a user clicks on the link identified by the words "View Map" in the yellow box, he or she is taken to a map titled "Summer Set *Unofficial* Map 2015."  An official Summer Set logo is incorporated into the map in a prominent position and in a manner that draws the eye directly to the Summer Set Mark and logo as opposed to the Float-Rite Park logo which is obscured.  The map also purports to depict the Festival Venue and Plaintiff's campsites.  The incorporation of the Summer Set Mark and logo in conjunction with the Float-Rite Park logo creates the false appearance of an affiliation between Float-Rite Park and Plaintiff.

29.     Through Defendant's Summer Set Website, Defendant offers "Benefits of Camping" which include, among other things, "No Vehicle Searches."   By contrast, it is Plaintiff's policy to search all vehicles entering the Festival Venue and its campsites for prohibited items.   Defendant's offer is a shameless invitation to Festival goers to bring into Float-Rite Park narcotics, firearms, fireworks or other items that are prohibited at the Festival Venue and the Festival campgrounds.  Defendant's offer is an attempt to circumvent Plaintiff's

ability to control safety at the Festival.  If anyone dies or is injured as a result of an illicit drug, weapon, fireworks or other item that, while prohibited at the Festival, was permitted by Defendant, the death or injury will severely tarnish the Summer Set brand.  That is particularly true because of the confusion created by Defendant regarding its affiliation with Plaintiff.

30.     Defendant also bid on various "ad words" so that a Google search of "summer set music and camping festival" produces a search results page for the internet user featuring a paid advertisement by Defendant linking to Defendant's Summer Set Website.  In fact, the very top response in a Google search of the Summer Set Mark leads to an advertisement for Defendant and a link to Defendant's Summer Set Website.  The advertisement does not mention Float-Rite Park further perpetuating a false relationship between Defendant's Summer Set Website and Plaintiff.  A screen shot taken on August 5, 2015 of the Google search results page is below as Figure 5.



Fig. 5

31.     Links to Plaintiff's Website -- the only official Festival website -- appear below Defendant's advertisement in the search results.  (*See* Fig. 5, above.)

**Defendant Uses The Summer Set Mark To**
**Promote The Float-Rite Park On Its Facebook Page**

32.     Defendant uses the Summer Set Mark to advertise Float-Rite Park on its Facebook page.  The "Float Rite Park on the Apple River" Facebook page has a link titled: "Summer Set Music Festival Camping" which links to a Facebook profile titled "Summer Set Music Festival Camping at Float Rite Park on the Apple River."  This is another infringing use of the Summer Set Mark.

**Cease and Desist Letter**

33.     Plaintiff attempted to resolve its dispute with Defendant without Court intervention.  In particular, after learning about Defendant's Summer Set Website, on July 22, 2015, Plaintiff's affiliate, SFX Entertainment, Inc. ("SFX"), sent a cease and desist letter to Defendant. The letter, among other things, identified the Summer Set Mark, explained that it was a registered trademark, warned that Defendant's use of the Summer Set Mark has and will create consumer confusion and demanded that Defendant immediately cease and desist from using the Summer Set Mark.

34.     On July 27, 2015, an attorney representing Defendant sent a letter to SFX acknowledging receipt of the cease and desist letter and promising to respond to the allegations therein.  On August 7, 2015 -- the day of this filing and 16 days after SFX sent the cease and desist letter -- SFX received a second letter with a substantive proposal that was unacceptable because, among other things, it permitted Defendant to continue to reap the benefits of the infringing URL for Defendant's Summer Set Website.

35.     Plaintiff has never authorized Defendant to use the Summer Set Mark or any variation thereof.

**Defendant's Prior Misuse Of Summer Set's Mark and Logo**

36.     In March 2015, shortly after tickets went on sale for the 2015 Festival, Plaintiff learned that Defendant was using the Summer Set Mark and the Summer Set logo to promote Float-Rite Park campsite on Defendant's Float-Rite Website.  On or around March 15, 2015, Summer Set sent a cease and desist letter to Defendant demanding that it remove the infringing language, logo and cease and desist from all other uses of the Summer Set Mark.

37.     By April 2, 2015, Defendants had removed the Summer Set logo and infringing language from Defendant's Float-Rite Website.  Defendant, thereafter, placed new infringing language on Defendant's Float Rite Website and launched Defendant's Summer Set Website sometime prior to July 22, 2015.

## COUNT I

**(Cyberpiracy Under Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))**

38.     Plaintiff repeats and re-alleges paragraphs 1 through 37 above as if fully stated herein.

39.     The Summer Set Mark is a distinctive, protectable, famous mark.

40.     Defendant's Summer Set Website "summersetmusicfestivalcamping.com" is identical to the dominant portion of the Summer Set Mark, "Summer Set Music & Camping Festival" in sound, appearance, and commercial impression.

41.     Defendant uses Defendant's Summer Set Website in interstate commerce.

42.     Defendant uses Defendant's Summer Set Website to promote Float Rite Park.  On information and belief, Defendant also registered and purchased the right to use Defendant's

Summer Set Website.  The Summer Set Mark was distinctive at the time Defendant used, registered and/or purchased the right to use Defendant's Summer Set Website.

43.    Defendant committed the acts described herein with a bad faith intention to profit from the Summer Set Mark.  In particular, Defendant's intention is to divert internet users from Plaintiff's Website to Defendant's Summer Set Website by creating a likelihood of confusion.

44.    As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

45.    By reason of the foregoing acts, Defendant is liable to Plaintiff for cyberpiracy under 15 U.S.C. § 1125(d).

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment in its favor and against Defendant:

I.      Enjoining Defendant from using Defendant's Summer Set Website;

II.     Ordering Defendant to pay Plaintiff's damages caused by the infringement;

III.    Ordering Defendant to pay Plaintiff statutory damages in an amount of $100,000 or any other amount as the court considers just;

IV.     Ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

V.      Granting such other and further relief as the Court finds appropriate.

## COUNT II

### (Trademark Infringement Under the Lanham Act, 15 U.S.C § 1114)

46.    Plaintiff repeats and re-alleges paragraphs 1 through 37 above as if fully stated herein.

47.    Defendant's use Defendant's Float-Rite Website, Defendant's Summer Set Website and its Facebook page in interstate commerce.

48.     The     URL     for     Defendant's     Summer     Set     Website "summersetmusicfestivalcamping.com" is identical to the dominant portion of the Summer Set Mark, "Summer Set Music & Camping Festival" in sound, appearance, and commercial impression.   In addition, Defendant uses the dominant portion of the Summer Set Mark on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page.

49.     The contemporaneous use by Plaintiff and Defendant of the Summer Set Mark in commerce is likely to cause confusion among the consuming public by leading the public to believe that the goods and services identified by each of them come from the same source.

50.     Defendant has exacerbated its infringement by bidding on ad words with internet search engines, increasing the likelihood that consumers searching for information about the Festival will instead be lead to Defendant's Summer Set Website.

51.     Defendant's Float-Rite Website, Defendant's Summer Set Website, Defendant's Facebook page and the Summer Set Mark are all used to identify camping facilities in Somerset, Wisconsin.  Guests travel to these campsites from all over the country.

52.     Defendant has advertised and continues to advertise Float Rite Park by using a URL (sometimes referred to as a domain name) that is identical to the dominant portion of the Summer Set Mark and by using the dominant portion of the Summer Set Mark on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page.

53.     Defendant's actions and deception have and will continue to deprive Plaintiff of the ability to control the perception by the public of the nature and quality of the products and services it offers, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

54.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

55.     By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment in its favor and against Defendant by:

I.      Enjoining Defendant from the infringing use of the Summer Set Mark;

II.     Ordering Defendant to pay Plaintiff's treble damages caused by the infringement;

III.    Ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

IV.     Granting such other and further relief as the Court finds appropriate.

## COUNT III

### (Unfair Competition Under The Lanham Act, 15 U.S.C. § 1125(a))

56.     Plaintiff repeats and re-alleges paragraphs 1 through 37 above as if fully stated herein.

57.     The Summer Set Mark is a distinctive, protectable, famous mark.

58.     Defendant uses Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page in interstate commerce.

59.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page to promote, market, or sell products or services constitutes unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

60.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page is likely to cause confusion, mistake, and deception among consumers.  Defendant's unfair competition has caused, and will continue to cause, damage to Plaintiff causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

61.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment in its favor and against Defendant by:

I.      Enjoining Defendant from the infringing use of the Summer Set Mark;

II.     Ordering Defendant to pay Plaintiff's damages caused by Defendant's unfair competition;

III.    Ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

IV.     Granting such other and further relief as the Court finds appropriate.

## COUNT IV

### (Trademark Dilution Under The Lanham Act, 15 U.S.C. § 1125(c))

62.     Plaintiff repeats and re-alleges paragraphs 1 through 37 above as if fully stated herein.

63.     The Summer Set Mark is a distinctive, protectable, famous mark.

64.     The     URL     for     Defendant's     Summer     Set     Website "summersetmusicfestivalcamping.com" is identical to the dominant portion of the Summer Set Mark, "Summer Set Music & Camping Festival" in sound, appearance, and commercial impression.   In addition, Defendant uses the dominant portion of the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page.

65.     Defendant began using Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website and Defendant's Facebook page after the Summer Set Mark became distinctive.

66.     Defendant uses Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page in interstate commerce.

67.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page dilutes the Summer Set Mark.

68.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page tarnishes the Summer Set Mark by causing consumers to mistakenly associate the Summer Set Mark with Float Rite Park.

69.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page causes dilution by blurring.

70.     Defendant willfully intended to trade on the recognition of the Summer Set Mark.

71.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

72.     By reason of the foregoing acts, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1125(c).

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment in its favor and against Defendant by:

I.      Enjoining Defendant from the infringing use of the Summer Set Mark;

II.     Ordering Defendant to pay Plaintiff's damages caused by the dilution;

III.    Ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

IV.     Granting such other and further relief as the Court finds appropriate.

## COUNT V

### (Statutory Infringement Of A Common Law Trademark, 15 U.S.C. § 1114 )

73.     Plaintiff repeats and re-alleges paragraphs 1 through 45 above as if fully stated herein.

74.     The Summer Set Mark, "Summer Set Music and Camping Festival" is a distinctive, protectable mark.  Moreover, derivations of the Summer Set Mark such as "Summer Set," "Summer Set Music Festival," "Summer Set Music Festival Camping" and "Summer Set Camping" (collectively, the "Common Law Marks") are distinctive, protectable marks.

75.     Plaintiff is entitled to protect the Common Law Marks against Defendant's infringing activities because Plaintiff's use in commerce of the Common Law Marks preceded Defendant's use in commerce of the Common Law Marks.

76.     Defendant's use of the Common Law Marks on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page to promote, market and sell products or services infringes Plaintiff's rights because Defendant's use of the Common Law Marks caused, and is likely to continue to cause, confusion among consumers as to Defendant's affiliation, connection or association with the Common Law Marks.

77.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

78.     By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment in its favor and against Defendant by:

I.      Enjoining Defendant from the infringing use of the Common Law Marks;

II.     Ordering Defendant to pay Plaintiff's damages caused by the infringement;

III.    Ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

IV.     Granting such other and further relief as the Court finds appropriate.

## COUNT VI

**(Violation of Wisconsin Deceptive Trade Practices Act, W.S.A. 100.18)**

79.     Plaintiff repeats and re-alleges paragraphs 1 through 37 above as if fully stated herein.

80.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page represent to the public that Float Rite Park is associated with the Festival.

81.     Defendant's use Defendant's Summer Set Website and the Summer Set Mark on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page with an intention to induce consumers to rent camping facilities at Float Rite Park.

82.     Defendant's suggestion that Float Rite Park is associated with the Festival is untrue, deceptive and misleading.

83.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

84.     By reason of the foregoing, Defendant is liable to Plaintiff for violation of Wisconsin's Deceptive Trade Practices Act, W.S.A. 100.18.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment in their favor and against Defendant by:

I.      Enjoining Defendant from using Defendant's Summer Set Website or the Summer Set Mark or any derivation thereof;

II.     Ordering Defendant to pay Plaintiff's damages caused by its deceptive practices;

III.   Ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

IV.   Granting such other and further relief as the Court finds appropriate.

SUMMER SET MUSIC AND
CAMPING FESTIVAL LLC

By:   /s/ Ted Waskowski
          One of Its Attorneys

Ted Waskowski
Barbara Nieder
STAFFORD ROSENBAUM LLP
222 West Washington Ave., Suite 900
P.O. Box 1784
Madison, Wisconsin 53701-1784
(608) 256-0226

*Of Counsel*
Michael A. Weinberg
Joshua E. Liebman
Brian E. Cohen
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900
Doc. #747145

## CERTIFICATE OF SERVICE

Ted Waskowski, an attorney, hereby certifies that, on August 7, 2015, he caused a true and correct copy of the foregoing **Verified Complaint for Injunctive and Other Relief**, to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

He further hereby certifies that he caused a true and correct copy of the foregoing Memorandum to be served by overnight mail, email and facsimile to:

> Kamaal Patterson
> Baird Holm LLP
> 1700 Farnam Street Ste. 1500
> Omaha, NE  68102-2068
> kpatterson@bairdholm.com
> Fax: 402-344-0588

on this 7th day of August, 2015.


/s/ Ted Waskowski
_____

22

## <u>VERIFICATION</u>

I, Nick Karounos, certify that the facts stated in this Verified Complaint for Injunctive and Other Relief are true to the best of my knowledge, information and belief.

_____
Nick Karounos