SUMMER SET MUSIC AND CAMPING
FESTIVAL, LLC, an Illinois limited
liability company,

        Plaintiff,

    v.                                    Case No. 15-CV-490

FLOAT-RITE, Inc., a  Wisconsin
Corporation,

        Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES

      Defendant Float-Rite, Inc. ("Float-Rite"), by its attorneys Whyte Hirschboeck Dudek

S.C., answers the Plaintiff's Verified Complaint for Injunctive and Other Relief ("Complaint") as

follows:

## NATURE OF THE ACTION

      1.      Plaintiff, in conjunction with its affiliated entities, organizes and produces the
three-day Summer Set Music and Camping Festival (the "Festival"), a music festival held once a
year at the Somerset Amphitheater in Somerset, Wisconsin.  The 2015 Festival will be the fourth
annual Festival organized and produced by Plaintiff.  Each year since 2012, the Festival has
grown in popularity, scope and profitability.  In addition to music, Plaintiff offers festival-goers
various onsite camping options to complete the festival experience.  Plaintiff's campsites and
other festival grounds, along with the music lineup, promotional artwork and the name "Summer
Set" itself, are organized and/or designed to promote, cultivate and provide the atmosphere and
overall experience that has come to be associated with the Summer Set Music and Camping
Festival brand.

      **RESPONSE:**  Admits, upon information and belief, that Plaintiff organizes and produces

the three-day Summer Set Music and Camping Festival (the "Festival"), a music festival held

once a year at the Somerset Amphitheater in Somerset, Wisconsin since 2012. Further admits

that Plaintiff offers festival-goers onsite camping options. Float-Rite lacks sufficient knowledge

or information as to the remaining allegations contained in Paragraph 1 of the Complaint and,

therefore, denies the same.

2.  Defendant owns and operates a campsite across the street from the Festival site.
In addition to offering sites for tents, Defendant also rents cabins.  As a result of the location of
its campsite, Defendant inevitably profits from the Festival by renting campsites and cabins to
Plaintiff's festival-goers.  But that overflow business was not enough for Defendant.  In an
attempt to cash-in on Plaintiff's hard work and enormous investment in building its brand over
the years, Defendant is improperly exploiting Plaintiff's trademark and logo.  For example,
Defendant infringed Plaintiff's registered trademark "Summer Set Music and Camping Festival"
by registering, trafficking in and using the website www.summersetmusicfestivalcamping.com.
In addition, Defendant is using Plaintiff's trademark to promote its campsite on multiple
websites and its Facebook page.  Defendant's wrongful actions have resulted in festival-goers
renting Defendant's campsites rather than Plaintiff's, caused confusion among festival-goers
regarding Defendant's affiliation (or lack thereof) with Plaintiff, and dilution of Plaintiff's brand.

**RESPONSE:**  Several of Plaintiff's allegations in paragraph 2 – including but not limited

to Plaintiff's allegations regarding "that overflow business was not enough for defendant," that

Float-Rite is engaged in "exploiting Plaintiff's trademarks and logo," and purported "attempts to

cash in on Plaintiff's hard work and enormous investment in building its brand over the years" –

are argument and do not require a response. To the extent a response is required, Float-Rite

denies such allegations. Float-Rite admits that it owns and operates a campsite across the street

from the Festival site, but affirmatively alleges that Float-Rite's campsite predates the Festival's

existence by several decades. Further admits that Float-Rite generates profits from renting

camping accommodations to certain Festival attendees as it does from any camper renting

campsites or cabins at its campground.

Further answering Paragraph 2, several of Plaintiff's allegations contain legal conclusions

to which no response is necessary. To the extent a response is required, denies that Float-Rite has

infringed Plaintiff's registered trademarks and/or logo. Admits that Float-Rite registered and

used the website www.summersetmusicfestivalcamping.com, but affirmatively alleges that such

use was for a brief period of time and that Float-Rite has not used the website since before

August 12, 2015. Denies that Float-Rite has caused any confusion among festival-goers or

diluted Plaintiff's brand. Denies any remaining allegations in Paragraph 2.

3. This lawsuit is brought to: (a) obtain a temporary restraining order, preliminary injunction and permanent injunction prohibiting Defendant from using the Summer Set trade mark or otherwise suggesting to the public that it is affiliated with Plaintiff in any way; (b) recover actual, treble and statutory damages resulting from Defendant's violations of the Anti-Cybersquatting Consumer Protection Act, the Lanham Act, the and the Wisconsin Deception Trade Practices Act; and (c) recover attorneys' fees and costs associated with bringing this action.

**RESPONSE:** Paragraph 3 of the Complaint contains several legal conclusions to which

no response is necessary. To the extent a response is required, Float-Rite affirmatively alleges

that Plaintiff's Complaint speaks for itself and, without admitting to the substantive allegations

therein contained, denies all allegations inconsistent with its contents. Float-Rite affirmatively

alleges that Plaintiff is not entitled to any of the relief it seeks. Denies any remaining allegations

in Paragraph 3.

## PARTIES

4. Plaintiff Summer Set is an Illinois limited liability company. While jurisdiction is not predicated on diversity of citizenship, Plaintiff's sole member is a Delaware limited liability company.

**RESPONSE:** Admits, upon information and belief, that Plaintiff is an Illinois limited

liability company and that Plaintiff's sole member is a Delaware limited liability company.

Denies any remaining allegations contained in Paragraph 4.

5. Defendant Float-Rite, Inc. is a Wisconsin corporation with its principal place of business in Somerset, Wisconsin.

**RESPONSE:** Admits.

## JURISDICTION AND VENUE

6. This is a civil action alleging Trademark Infringement, Unfair Competition and Cybersquatting arising under 15 U.S.C. §§ 1125(d) (Cyperpiracy); 1114 (Trademark

Infringement), 1125(a) (Unfair Competition), as well as a violation of the Wisconsin Deceptive Trade Practices Act, W.S.A. 100.18.

**RESPONSE:** Paragraph 6 of the Complaint contains several legal conclusions to which no response is necessary. To the extent a response is required, Float-Rite affirmatively alleges that Plaintiff's Complaint speaks for itself and, without admitting to the substantive allegations therein contained, denies all allegations in paragraph 6 regarding the claims contained in the Complaint inconsistent with its contents.

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b) and supplemental jurisdiction over the state law claim alleged herein under 28 U.S.C. § 1367(a).

**RESPONSE:** Paragraph 7 of the Complaint contains several legal conclusions to which no response is necessary. To the extent a response is required, admits that jurisdiction is proper in this Court.

8. Venue is proper in this district under 28 U.S.C. § 1391(b), (c) and (d).

**RESPONSE:** Paragraph 8 of the Complaint contains several legal conclusions to which no response is necessary. To the extent a response is required, admits that venue is proper in this Court.

## FACTS COMMON TO ALL COUNTS

**The Summer Set Music And Camping Festival**

9. The Festival is a three-day music festival, held annually since 2012 at the Somerset Amphitheater in Somerset, Wisconsin (the "Festival Venue"). The 2015 Festival is scheduled to take place August 14-16. Attendees travel to the Festival from all over the country.

**RESPONSE:** Upon information and belief, admits the allegations of Paragraph 9.

10. The Festival's capacity if over 40,000 people per day. Festival goers can purchase single day tickets or three-day passes. In addition to selling tickets to the Festival, Plaintiff also rents access to various campgrounds that are physically connected to the Festival Venue. Plaintiff's campsite options range in price from approximately $125 for a tent-only campsite that can accommodate up to six people to $500 for recreational vehicle camping.

Plaintiff had approximately 2,880 campsites available for rent of which approximately 445 remain available as of the date this Complaint was filed.

**RESPONSE:** Admits, upon information and belief, that Festival goers can purchase single day tickets or three-day passes and that Plaintiff rents camping sites and sells tickets to the Festival. Float-Rite lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 10 and, therefore, denies the same.

11.     Plaintiff recently reduced the prices of its remaining available campsites.

**RESPONSE:** Float-Rite lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 11 and, therefore, denies the same.

12.     Plaintiff expends significant resources to market and advertise the Festival.  In particular, Plaintiff maintains a website at www.summersetfestival.com ("Plaintiff's Website") to market the Festival.  Individuals visiting Plaintiff's Website can, among other things, purchase tickets to the Festival, see the lineup of musical acts performing at the Festival, and reserve and rent campsites at the Festival.  Plaintiff also aggressively markets and advertises the Festival through, among other things, various social media platforms, a variety of other online outlets, miscellaneous print advertisements, street marketing teams and third-party websites.  Plaintiff spends approximately $100,000 per year on these marketing efforts.

**RESPONSE:** Admits, upon information and belief, that Plaintiff markets and advertises for the festival. Affirmatively alleges that Plaintiff's website at the time of filing speaks for itself and denies any allegations inconsistent with said website. Float-Rite lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of Paragraph 12 and, therefore, denies the same.

**The Summer Set Mark**

13.     On January 22, 2013, Plaintiff filed an application with the United States Patent and Trademark Office ("PTO") for the mark "Summer Set Music & Camping Festival" (Serial No. 85829369).

**RESPONSE:** Admits, upon information and belief, that Plaintiff applied for the mark described in Paragraph 13. Float-Rite lacks sufficient knowledge or information to form a belief

as to the truth or falsity of the remaining allegations of Paragraph 13 and, therefore, denies the same.

14.     On May 13, 2014, the PTO granted Plaintiff's registration of the mark "Summer Set Music and Camping Festival" on the Principal Register, Registration No. 4527855 (the "Summer Set Mark").  The Summer Set Mark is *prima facie* evidence of the validity and ownership of, and is constructive notice of ownership, of the mark, as provided by 15 U.S.C. §§ 1057(b) and 1072.

**RESPONSE:**  Admits, upon information and belief, that the PTO granted Plaintiff's registration of the mark described in paragraph 14. Float-Rite lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in the first sentence of Paragraph 14 and, therefore, denies the same. The final sentence in Paragraph 14 contains a legal conclusion to which no response is necessary. To the extent a response is required, admits.

15.     Plaintiff has expended considerable resources marketing, advertising and promoting goods and services under the Summer Set Mark and has been using the Summer Set Mark since 2012.

**RESPONSE:**  Float-Rite lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 15 and, therefore, denies the same.

16.     Plaintiff has sold a considerable number of tickets and camping site rentals for past Festivals as well as the 2015 Festival pursuant to and while using the Summer Set Mark.

**RESPONSE:**  Float-Rite lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 16 and, therefore, denies the same.

17.     Plaintiff has established goodwill in connection with its business, which goodwill the public associates with the Summer Set Mark.

**RESPONSE:**  Float-Rite lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in Paragraph 17 and, therefore, denies the same.

**Float-Rite Park**

18.    Defendant owns and operates a camping facility called Float-Rite Park on land across the street from the Festival Venue ("Float-Rite Park").

**RESPONSE:**  Admits and affirmatively alleges that Float-Rite's campsite predates the

Festival's existence by several decades.

19.    Defendant is using the Summer Set Mark and is falsely and misleadingly representing an affiliation between Float-Rite Park and the Festival to market, promote and advertise Float-Rite Park in an attempt to lure festival goers who otherwise would camp at Plaintiff's campsites.  In doing so, Defendant is infringing upon the Summer Set Mark, deceiving consumers, creating substantial confusion in the marketplace regarding whether Float-Rite Park is affiliated with Plaintiff and diluting Plaintiff's brand.

**RESPONSE:**  Denies that Float-Rite is currently using the Summer Set Mark and

affirmatively alleges that any use of the Summer Set Mark was for a brief period of time and that

Float-Rite has not used the Summer Set Mark since before August 12, 2015. Denies the

remaining allegations in Paragraph 19.

**Defendant's Float-Rite Website**

20.    Defendant promotes Float-Rite Park on its website with the URL www.floatrite.com ("Defendant's Float-Rite Website").  At the top of the home page of Defendant's Float-Rite Website there is a banner stating: "Camp At Float-Rite During The Summer Set Music Festival" which is a blatant attempt to use the Summer Set Mark to induce customers to stay at the Float-Rite Park.  A screen shot taken on August 5, 2015 of the Float-Rite Website home page is below as Figure 1.

**RESPONSE:**  Admits that Float-Rite promotes Float-Rite Park on its website with the

URL www.floatrite.com. Denies that there is currently a banner at the top of the top of the home

page of Defendant's Float-Rite Website stating "Camp At Float-Rite During The Summer Set

Music Festival" and affirmatively alleges that the presence of any such banner was for a brief

period of time and that Float-Rite has not displayed that banner since before August 12, 2015.

Further affirmatively alleges that the photograph marked as Figure 1 speaks for itself and Float-

Rite reserves all evidentiary objections with respect to Figure 1. Denies any remaining

allegations contained in Paragraph 20.

21.     Defendants are not authorized to use any iteration of the Summer Set Mark including, without limitation, the phrase "Summer Set Music Festival" on the Float-Rite Website.

**RESPONSE:**  Paragraph 21 contains a legal conclusion to which no response is

necessary. To the extent a response is required, denies.

**Defendant's Summer Set Website**

22.     In addition to Defendant's Float-Rite Website, Defendant is also promoting Float-Rite Park on a second and new website with the URL www.summersetmusicfestivalcamping.com ("Defendant's Summer Set Website").  A screen shot taken on August 5, 2015 of Defendant's Summer Set Website home page is below as Figure 2.

**RESPONSE:**  Denies that Float-Rite is currently promoting Float-Rite Park on a website

with the URL www.summersetmusicfestivalcamping.com and affirmatively alleges that any use

of this URL was for a brief period of time and that Float-Rite has not used or maintained such

website since before August 12, 2015. Further affirmatively alleges that the photograph marked

as Figure 2 speaks for itself and Float-Rite reserves all evidentiary objections with respect to

Figure 2. Denies any remaining allegations contained in Paragraph 22.

23.     The domain name, sometimes referred to as a URL, www.summersetfestivalcamping.com improperly incorporates the Summer Set Mark, which alone is a violation of anti-cybersquatting laws.

**RESPONSE:**  Paragraph 23 contains a legal conclusion to which no response is

necessary. To the extent a response is required, denies.

24.     Defendant's Summer Set Website also includes artwork depicting the silhouettes of people attending a music festival.  Float-Rite does not regularly host large music festivals and is not hosting a music festival the same weekend as the Summer Set Festival.  The silhouette artwork is designed to confuse consumers and imply that Defendant's campsite is affiliated with Plaintiff's Festival.  (*See* Fig. 2, above.)

**RESPONSE:** Affirmatively alleges that the photograph marked as Figure 2 speaks for itself and denies any characterization of Figure 2 that is inconsistent with or mischaracterizes the photograph. Float-Rite reserves all evidentiary objections with respect to Figure 2. Admits that Float-Rite itself does not regularly host large music festivals, but affirmatively alleges that the Somerset Amphitheater venue, where the Festival takes place, hosts numerous other music festivals and concerts during the year. Denies the remaining allegations in Paragraph 24.

25.     Defendant's Summer Set Website also prominently displays the word "Summer Set Music Festival Camping" which directly infringes upon the Summer Set Mark.  (*See* Fig. 2, above.)

**RESPONSE:** Paragraph 25 contains a legal conclusion to which no response is necessary. To the extent a response is required, denies.

26.     Causing further confusion, Defendant's Summer Set Website displays the lineup of musicians scheduled to play at the 2015 Festival.  A screen shot taken on August 5, 2015 of Defendant's Summer Set Website's home page after scrolling down is below as Figure 3.

**RESPONSE:** Denies that Float-Rite is currently promoting Float-Rite Park on a website with the URL www.summersetmusicfestivalcamping.com and affirmatively alleges that any use of this URL was for a brief period of time and that Float-Rite has not used or maintained such website since before August 12, 2015. Further affirmatively alleges that the photograph marked as Figure 3 speaks for itself and Float-Rite reserves all evidentiary objections with respect to Figure 3. Denies the remaining allegations contained in Paragraph 26.

27.     Defendant's Summer Set Website also has what it refers to as a "Summer Set Music Map."  This reference to the Summer Set Music Map is another misuse of the Summer Set Mark.  A screen shot taken on August 5, 2015 of Defendant's Summer Set Website's home page after scrolling down further is below as Figure 4.

**RESPONSE:** Denies that Float-Rite is currently promoting Float-Rite Park on a website with the URL www.summersetmusicfestivalcamping.com and affirmatively alleges that any use of this URL was for a brief period of time and that Float-Rite has not used or maintained such

website since before August 12, 2015. Further affirmatively alleges that the photograph marked as Figure 4 speaks for itself and Float-Rite reserves all evidentiary objections with respect to Figure 4. Denies the remaining allegations contained in Paragraph 27.

28.     When a user clicks on the link identified by the words "View Map" in the yellow box, he or she is taken to a map titled "Summer Set *Unofficial* Map 2015." An official Summer Set logo is incorporated into the map in a prominent position and in a manner that draws the eye directly to the Summer Set Mark and logo as opposed to the Float-Rite Park logo which is obscured. The map also purports to depict the Festival Venue and Plaintiff's campsites. The incorporation of the Summer Set Mark and logo in conjunction with the Float-Rite Park logo creates the false appearance of an affiliation between Float-Rite Park and Plaintiff.

**RESPONSE:** Denies that Float-Rite is currently promoting Float-Rite Park on a website with the URL www.summersetmusicfestivalcamping.com and affirmatively alleges that any use of this URL was for a brief period of time and that Float-Rite has not used or maintained such website since before August 12, 2015. Further affirmatively alleges that the website, link, and map referenced in Paragraph 28, as the existed on August 5, 2015, speak for themselves and denies any characterization of these materials that are inconsistent with or mischaracterize the same. Denies the remaining allegations contained in Paragraph 28.

29.     Through Defendant's Summer Set Website, Defendant offers "Benefits of Camping" which include, among other things, "No Vehicle Searches." By contrast, it is Plaintiff's policy to search all vehicles entering the Festival Venue and its campsites for prohibited items. Defendant's offer is a shameless invitation to Festival goers to bring in to Float-Rite Park narcotics, firearms, fireworks or other items that are prohibited at the Festival Venue and the Festival campgrounds. Defendant's offer is an attempt to circumvent Plaintiff's ability to control safety at the Festival. If anyone dies or is injured as a result of an illicit drug, weapon, fireworks or other item that, while prohibited at the Festival, was permitted by Defendant, the death or injury will severely tarnish the Summer Set brand. That is particularly true because of the confusion created by Defendant regarding its affiliation with Plaintiff.

**RESPONSE:** Denies that Float-Rite is currently promoting Float-Rite Park on a website with the URL www.summersetmusicfestivalcamping.com and affirmatively alleges that any use of this URL was for a brief period of time and that Float-Rite has not used or maintained such website since before August 12, 2015. Further affirmatively alleges that the website language

referenced in Paragraph 29, as the existed on August 5, 2015, speaks for itself and denies any

characterization of the website that is inconsistent with or mischaracterizes the website. Float-

Rite lacks sufficient knowledge or information to form a belief as to the truth or falsity of the

allegations concerning Plaintiff's policies and, therefore, denies the same. Denies the remaining

allegations contained in Paragraph 29.

30. Defendant also bid on various "ad words" so that a Google search of "summer set music and camping festival" produces a search results page for the internet user featuring a paid advertisement by Defendant linking to Defendant's Summer Set Website. In fact, the very top response to a Google search of the Summer Set Mark leads to an advertisement for Defendant and a link to Defendant's Summer Set Website. The advertisement does not mention Float-Rite Park further perpetuating a false relationship between Defendant's Summer Set Website and Plaintiff. A screen shot taken on August 5, 2015 of the Google search results page is below as Figure 5.

**RESPONSE:** Denies that there is any current ad word buy that leads to a result of the

type described in the allegations contained in paragraph 30 or that "the very top response in a

Google search of the Summer Set Mark leads to an advertisement for Defendant and a link to

Defendant's Summer Set Website." Acknowledges that it bid on certain ad words for a brief

period of time, but has not done so since before August 12, 2015. Affirmatively alleges that the

photograph marked as Figure 5 speaks for itself and denies any characterization of Figure 5 that

is inconsistent with or mischaracterizes Figure 5. Float-Rite reserves all evidentiary objections

with respect to Figure 5. Denies the remaining allegations in contained in Paragraph 30.

31. Links to Plaintiff's Website – the only official Festival website – appear below Defendant's advertisement in the search results. (*See* Fig. 5, above.)

**RESPONSE:** Affirmatively alleges that the photograph marked as Figure 5 speaks for

itself and denies any characterization of Figure 5 that is inconsistent with or mischaracterizes

Figure 5. Float-Rite reserves all evidentiary objections with respect to Figure 5. Denies any

remaining allegations in contained in Paragraph 30.

**Defendant Uses The Summer Set Mark to**
**Promote The Float-Rite Park On Its Facebook Page**

32.     Defendant uses the Summer Set Mark to advertise Float-Rite Park on its Facebook page.  The "Float-Rite Park on the Apple River" Facebook page has a link titled: "Summer Set Music Festival Camping" which links to a Facebook profile titled "Summer Set Music Festival Camping at Float Rite Park on the Apple River."  This is another infringing use of the Summer Set Mark.

**RESPONSE:**  Denies that Float-Rite uses the Summer Set Mark to advertise Float-Rite

Park on its Facebook page.  Acknowledges that it made reference on its Facebook page to the

Summer Set Music Festival for a short period of time, but that has not done so since before

August 12, 2015.  Float-Rite lacks sufficient knowledge or information to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 32 and, therefore, denies the

same. Denies any remaining allegations contained in Paragraph 32.

**Cease and Desist Letter**

33.     Plaintiff attempted to resolve its dispute with Defendant without Court intervention.  In particular, after learning about Defendant's Summer Set Website, on July 22, 2015, Plaintiff's affiliate, SFX Entertainment, Inc. ("SFX"), sent a cease and desist letter to Defendant.  The letter, among other things, identified the Summer Set Mark, explained that it was a registered trademark, warned that Defendant's use of the Summer Set Mark has and will create consumer confusion and demanded that Defendant immediately cease and desist from using the Summer Set Mark.

**RESPONSE:**  Denies that Plaintiff attempted to resolve its dispute with Float-Rite

without Court intervention. Admits that a letter dated July 22, 2015 was sent to Float-Rite.

Affirmatively alleges that the July 22 letter speaks for itself and denies any characterization of

that July 22 letter that is inconsistent with or mischaracterizes its contents. Denies any remaining

allegations in Paragraph 33.

34.     On July 27, 2015, an attorney representing Defendant sent a letter to SFX acknowledging receipt of the cease and desist letter and promising to respond to the allegations therein.  On August 7, 2015 – the day of this filing and 16 days after SFX sent the cease and desist letter – SFX received a second letter with a substantive proposal that was unacceptable because, among other things, it permitted

**RESPONSE:** Admits that an attorney representing Float-Rite sent a letter dated July 27, 2015 acknowledging receipt of the July 22 letter. Affirmatively alleges that the July 27 letter speaks for itself and denies any characterization of that July 27 letter that is inconsistent with or mischaracterizes its contents. Further admits that a second letter was sent on behalf of Float-Rite, but lacks sufficient knowledge or information to form a belief as to the truth or falsity of the date of Plaintiff's receipt of the second letter. Affirmatively alleges that the second letter speaks for itself and denies any characterization of that second letter that is inconsistent with or mischaracterizes its contents. Denies all remaining allegations contained in Paragraph 34.

35.     Plaintiff has never authorized Defendant to use the Summer Set Mark or any variation therof.

**RESPONSE:** Paragraph 35 contains a legal conclusion to which no response is necessary. To the extent a response is required, denies.

**Defendant's Prior Misuse of Summer Set's**

36.     In March 2015, shortly after tickets went on sale for the 2015 Festival, Plaintiff learned that Defendant was using the Summer Set Mark and the Summer Set logo to promote Float-Rite Park campsite on Defendant's Float-Rite Website. On or around March 15, 2015, Summer Set sent a cease and desist letter to Defendant demanding that it remove the infringing language, logo and cease and desist from all other uses of the Summer Set Mark.

**RESPONSE:** Admits that a letter was sent on or around March 15, 2015, affirmatively alleges the March 15 letter speaks for itself, and denies any characterization of that March 15 letter that is inconsistent with or mischaracterizes its contents. Further affirmatively alleges that the status and contents of the Float-Rite Website on or around March 15, 2015 and immediately thereafter speaks for itself and denies any characterization of the Float-Rite Website that is inconsistent with or mischaracterizes its status and/or contents. Denies any remaining allegations contained in Paragraph 36.

37.     By April 12, 2015, Defendant had removed the Summer Set logo and infringing language for Defendant's Float-Rite Website. Defendant, thereafter, placed new infringing

language on Defendant's Float Rite Website and launched Defendant's Summer Set Website sometime prior to July 22, 2015.

**RESPONSE:** Affirmatively alleges that the status and contents of the Float-Rite

Website on or around April 2, 2015 speaks for itself and denies any characterization of the Float-Rite Website that is inconsistent with or mischaracterizes its status and/or contents. Admits that

Float-Rite launched a website with the URL www.summersetmusicfestivalcamping.com on or

about July 22, 2015, but denies that Float-Rite is currently promoting Float-Rite Park on a

website with the URL www.summersetmusicfestivalcamping.com and affirmatively alleges that

any use of this URL was for a brief period of time and that Float-Rite has not used or maintained

such website since before August 12, 2015. The remaining allegations contained in Paragraph 37

contain legal conclusions to which no response is necessary. To the extent a response is required,

denies. Denies any remaining allegations in Paragraph 37.

## COUNT I

### (Cyberpiracy Under Anti-Cybersquating Consumer Protection Act, 15 U.S.C. § 1125(d))

38. Plaintiff repeats and re-alleges paragraphs 1 through 37 above as if fully stated herein.

**RESPONSE:** Float-Rite restates its responses to Paragraphs 1 through 37 above as if

fully stated herein.

39. The Summer Set Mark is a distinctive, protectable, famous mark.

**RESPONSE:** Paragraph 39 contains a legal conclusion to which no response is

necessary. To the extent a response is required, denies.

40. Defendant's Summer Set Website "summersetmusicfestivalcamping.com" is identical to the dominant portion of the Summer Set Mark, "Summer Set Music & Camping Festival" in sound, appearance, and commercial impression.

**RESPONSE:** Denies.

41. Defendant uses Defendant's Summer Set Website in interstate commerce.

**RESPONSE:** Paragraph 41 contains a legal conclusion to which no response is

necessary. To the extent a response is required, denies.

42.     Defendant uses Defendant's Summer Set Website to promote Float Rite Park.  On information and belief, Defendant also registered and purchased the right to use Defendant's Summer Set Website.  The Summer Set Mark was distinctive at the time Defendant used, registered and/or purchased the right to use Defendant's Summer Set Website.

**RESPONSE:** Denies the allegations contained in the first sentence of Paragraph 42.

Admits the allegations contained in the second sentence of Paragraph 42. The third sentence of

Paragraph 42 contains a legal conclusion to which no response is necessary. To the extent a

response is required, denies.

43.     Defendant committed the acts described herein with a bad faith intention to profit from the Summer Set Mark.  In particular, Defendant's intention is to divert internet users from Plaintiff's Website to Defendant's Summer Set Website by creating a likelihood of confusion.

**RESPONSE:** Denies.

44.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

**RESPONSE:** Denies.

45.     By reason of the foregoing acts, Defendant is liable to Plaintiff for cyberpiracy under 15 U.S.C. § 1125(d).

**RESPONSE:** Paragraph 45 contains a legal conclusion to which no response is

necessary. To the extent a response is required, denies.

Answering the unnumbered, "WHEREFORE" clause below paragraph 45 of the

Complaint, Float-Rite denies that Plaintiff is entitled to any of the relief requested.

## COUNT II

### (Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114)

46.     Plaintiff repeats and re-alleges paragraphs 1 through 37 above as if fully stated herein.

**RESPONSE:** Float-Rite restates its responses to Paragraphs 1 through 37 above as if fully stated herein.

47. Defendant's use Defendant's Float-Rite Website, Defendant's Summer Set Website and its Facebook page in interstate commerce.

**RESPONSE:** Paragraph 47 contains several legal conclusions to which no response is necessary. To the extent a response is required, admits that Float-Rite uses its Float-Rite Website and Facebook page in interstate commerce, but denies the remaining allegations in Paragraph 47.

48. The URL for Defendant's Summer Set Website "summersetmusicfestivalcamping.com" is identical to the dominant portion of the Summer Set Mark, "Summer Set Music & Camping Festival" in sound, appearance, and commercial impression. In addition, Defendant uses the dominant portion of the Summer Set Mark on Defendant's Float-Rite Website, Defendant' Summer Set Website and Defendant's Facebook page.

**RESPONSE:** Denies.

49. The contemporaneous use by Plaintiff and Defendant of the Summer Set Mark in commerce is likely to cause confusion among the consuming public by leading the public to believe that the goods and services identified by each of them come from the same source.

**RESPONSE:** Denies.

50. Defendant has exacerbated its infringement by bidding on ad words with internet search engines, increasing the likelihood that consumers searching for information about the Festival will instead be lead to Defendant's Summer Set Website.

**RESPONSE:** Paragraph 50 contains a legal conclusion to which no response is necessary. To the extent a response is required, denies.

51. Defendant's Float-Rite Website, Defendant's Summer Set Website, Defendant's Facebook page and the Summer Set Mark are all used to identify camping facilities in Somerset, Wisconsin. Guests travel to these campsites from all over the country.

**RESPONSE:** Admits that Defendant's Float-Rite Website, Defendant's now-defunct Summer Set Website, and Defendant's Facebook page are or were used to identify camping facilities in Somerset, Wisconsin. Float-Rite lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations and, therefore, denies the same.

52.    Defendant has advertised and continues to advertise Float Rite Park by using a URL (sometimes referred to as a domain name) that is identical to the dominant portion of the Summer Set Mark and by using the dominant portion of the Summer Set Mark on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page.

**RESPONSE:**  Denies that Float-Rite is currently promoting Float-Rite Park on a website with the URL www.summersetmusicfestivalcamping.com and affirmatively alleges that any use of this URL was for a brief period of time and that Float-Rite has not used or maintained such website since before August 12, 2015.  Further denies that Float-Rite is currently using the Summer Set Mark on its Float-Rite Website and/or Facebook page. Denies any remaining allegations in Paragraph 52.

53.    Defendant's actions and deception have and will continue to deprive Plaintiff of the ability to control the perception of the public of the nature and quality of the products and services it offers, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

**RESPONSE:**  Denies.

54.    As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

**RESPONSE:**  Denies.

55.    By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

**RESPONSE:**  Paragraph 55 contains a legal conclusion to which no response is necessary. To the extent a response is required, denies.

Answering the unnumbered, "WHEREFORE" clause below paragraph 55 of the Complaint, Float-Rite denies that Plaintiff is entitled to any of the relief requested.

## COUNT III

### (Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a))

56.    Plaintiff repeats and re-alleges paragraphs 1 through 37 above as if fully stated herein.

**RESPONSE:** Float-Rite restates its responses to Paragraphs 1 through 37 above as if fully stated herein.

57.     The Summer Set Mark is a distinctive, protectable, famous mark.

**RESPONSE:** Paragraph 57 contains a legal conclusion to which no response is necessary. To the extent a response is required, denies.

58.     Defendant uses Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page in interstate commerce.

**RESPONSE:** Paragraph 58 contains several legal conclusions to which no response is necessary. To the extent a response is required, admits that Float-Rite uses its Float-Rite Website and Facebook page in interstate commerce, but denies the remaining allegations in Paragraph 58.

59.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information  associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page to promote, market, or sell products or services constitutes unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

**RESPONSE:** Paragraph 59 contains a legal conclusion to which no response is necessary. To the extent a response is required, denies.

60.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page is likely to cause confusion, mistake, and deception among consumers.  Defendant's unfair competition has caused, and will continue to cause, damage to Plaintiff causing irreparable harm to Plaintiff for which there is not adequate remedy at law.

**RESPONSE:** Denies.

61.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

**RESPONSE:** Denies.

Answering the unnumbered, "WHEREFORE" clause below paragraph 61 of the Complaint, Float-Rite denies that Plaintiff is entitled to any of the relief requested.

## COUNT IV

### (Trademark Dilution Under the Lanham Act, 15 U.S.C. § 1125(a))

62.     Plaintiff repeats and re-alleges paragraphs 1 through 37 above as if fully stated herein.

**RESPONSE:**  Float-Rite restates its responses to Paragraphs 1 through 37 above as if fully stated herein.

63.     The Summer Set Mark is a distinctive, protectable, famous mark.

**RESPONSE:**  Paragraph 63 contains a legal conclusion to which no response is necessary. To the extent a response is required, denies.

64.     The URL for Defendant's Summer Set Website "summersetmusicfestivalcamping.com" is identical to the dominant portion of the Summer Set Mark, "Summer Set Music & Camping Festival" in sound, appearance and commercial impression.  In addition, Defendant uses the dominant portion of the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page.

**RESPONSE:**  Denies.

65.     Defendant began using Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page after the Summer Set Mark became distinctive.

**RESPONSE:**  Paragraph 65 contains a legal conclusion to which no response is necessary. To the extent a response is required, denies that Float-Rite is currently promoting Float-Rite Park on a website with the URL www.summersetmusicfestivalcamping.com and affirmatively alleges that any use of this URL was for a brief period of time and that Float-Rite has not used or maintained such website since before August 12, 2015. Further denies that Float-Rite is currently using the Summer Set Mark on its Float-Rite Website and/or Facebook page. Denies any remaining allegations in Paragraph 65.

66.     Defendant uses Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page in interstate commerce.

**RESPONSE:** Paragraph 66 contains several legal conclusions to which no response is necessary. To the extent a response is required, admits that Float-Rite uses its Float-Rite Website and Facebook page in interstate commerce, but denies the remaining allegations in Paragraph 66.

67.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page dilutes the Summer Set Mark.

**RESPONSE:** Denies.

68.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page tarnishes the Summer Set Mark by causing consumers to mistakenly associate the Summer Set Mark and Float Rite Park.

**RESPONSE:** Denies.

69.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page causes dilution by blurring.

**RESPONSE:** Denies.

70.     Defendant willfully intended to trade on the recognition of the Summer Set Mark.

**RESPONSE:** Denies.

71.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

**RESPONSE:** Denies.

72.     By reason of the foregoing acts, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1125(c).

**RESPONSE:** Paragraph 72 contains a legal conclusion to which no response is necessary. To the extent a response is required, denies.

Answering the unnumbered, "WHEREFORE" clause below paragraph 72 of the

Complaint, Float-Rite denies that Plaintiff is entitled to any of the relief requested.

## COUNT V

### (Statutory Infringement Of A Common Law Trademark, 15 U.S.C. § 1114)

73.      Plaintiff repeats and re-alleges paragraphs 1 through 37 above as if fully stated
herein.

**RESPONSE:**  Float-Rite restates its responses to Paragraphs 1 through 45 above as if

fully stated herein.

74.      The Summer Set Mark, "Summer Set Music and Camping Festival" is a
distinctive, protectable mark.  Moreover, derivations of the Summer Set Mark such as "Summer
Set," "Summer Set Music Festival," Summer Set Music Festival Camping" and "Summer Set
Camping" (collectively, the "Common Law Marks") are distinctive, protectable marks.

**RESPONSE:**  Paragraph 74 contains several legal conclusions to which no response is

necessary. To the extent a response is required, denies.

75.      Plaintiff is entitled to protect the Common Law Marks against Defendant's
infringing activities because Plaintiff's use in commerce of the Common Law Marks preceded
Defendant's use in commerce of the Common Law Marks.

**RESPONSE:**  Paragraph 75 contains several legal conclusions to which no response is

necessary. To the extent a response is required, denies.

76.      Defendant's use of the Common Law Marks on Defendant's Float-Rite Website,
Defendant's Summer Set Website and Defendant's Facebook page to promote, market and sell
products or services infringes Plaintiff's rights because Defendant's use of the Common Law
Marks caused, and is likely to continue to cause, confusion among consumers as to Defendant's
affiliation, connection or association with the Common Law Marks.

**RESPONSE:**  Denies.

77.      As a result of Defendant's wrongful conduct, Plaintiff has suffered and will
continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but,
rather, is irreparable and for which there is not adequate remedy at law.

**RESPONSE:**  Denies.

78. By reason of the foregoing acts, Defendant are liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

**RESPONSE:** Paragraph 78 contains a legal conclusion to which no response is necessary. To the extent a response is required, denies.

Answering the unnumbered, "WHEREFORE" clause below paragraph 78 of the Complaint, Float-Rite denies that Plaintiff is entitled to any of the relief requested.

## COUNT VI

### (Violation of Wisconsin Deceptive Trade Practices Act, W.S.A. 100.18)

79. Plaintiff repeats and re-alleges paragraphs 1 through 37 above as if fully stated herein.

**RESPONSE:** Float-Rite restates its responses to Paragraphs 1 through 37 above as if fully stated herein.

80. Defendant's use of Defendant's Summer Set Website and the Summer Set Mark on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page represent to the public that Float Rite Park is associated with the Festival.

**RESPONSE:** Denies.

81. Defendant's use Defendant's Summer Set Website and the Summer Set Mark on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page with an intention to induce consumers to rent camping facilities at Float Rite Park.

**RESPONSE:** Denies.

82. Defendant's suggestion that Float Rite Park is associated with the Festival is untrue, deceptive and misleading.

**RESPONSE:** Denies that Float-Rite has suggested that Float Rite Park is associated with the Festival. Denies any remaining allegations in Paragraph 82.

83. As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is not adequate remedy at law.

**RESPONSE:** Denies.

84. By reason of the foregoing acts, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1125(c).

**RESPONSE:** Paragraph 84 contains a legal conclusion to which no response is necessary. To the extent a response is required, denies.

Answering the unnumbered, "WHEREFORE" clause below paragraph 84 of the Complaint, Float-Rite denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Float-Rite, Inc. states as follows:

1. The Complaint fails to state a cause of action upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

3. Plaintiff's claims may be subject to the damage caps set forth in Wis. Stat. § 893.80(3).

4. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, acquiescence, and/or laches.

5. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

6. Upon information and belief, Plaintiff has failed to mitigate its damages, if any.

7. Plaintiff's damages, if any, may have been caused in whole or in part by superseding and/or intervening causes outside the control of Float-Rite, Inc.

WHEREFORE, Defendant Float-Rite, Inc. denies it is liable to the Plaintiff in any amount whatsoever and respectfully requests that this Court enter an Order dismissing the Plaintiff's Complaint with prejudice and awarding Float-Rite, Inc. its costs, attorneys' fees, and disbursements incurred in the defense of this matter.

Dated this 29th day of September, 2015.

*s/ Thomas P. Heneghan*
_____

Thomas P. Heneghan
Jeffrey A. McIntyre
Jordan C. A. Corning
Attorneys for Defendant, Float-Rite, Inc.
WHYTE HIRSCHBOECK DUDEK S.C.
P.O. Box 1379
Madison, Wisconsin 53701-1379
Telephone:  608-255-4440
Fax:  608-258-7138
