**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| SUMMER SET MUSIC AND CAMPING FESTIVAL, LLC, an Illinois limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FLOAT-RITE, Inc., a Wisconsin Corporation,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Case No. 15-CV-490<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED FIRST AMENDED COMPLAINT**
**FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff Summer Set Music and Camping Festival, LLC ("Plaintiff"), by its attorneys, as and for its verified first amended complaint for injunctive and other relief against Defendant Float-Rite, Inc. ("Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.　　Plaintiff, in conjunction with its affiliated entities, organizes and produces the three-day Summer Set Music and Camping Festival (the "Festival"), a music festival held once a year at the Somerset Amphitheater in Somerset, Wisconsin. The 2015 Festival was the fourth annual Festival organized and produced by Plaintiff. Each year since 2012, the Festival has grown in popularity, scope and profitability. In addition to music, Plaintiff offers festival-goers various onsite camping options to complete the festival experience. Plaintiff's campsites and other festival grounds, along with the music lineup, promotional artwork and the name "Summer Set" itself, are organized and/or designed to promote, cultivate and provide the atmosphere and

overall experience that has come to be associated with the Summer Set Music and Camping Festival brand.

2. Defendant owns and operates a campsite across the street from the Festival site. In addition to offering sites for tents, Defendant also rents cabins. As a result of the location of its campsite, Defendant inevitably profits from the Festival by renting campsites and cabins to Plaintiff's festival-goers. But that overflow business was not enough for Defendant. In an attempt to cash-in on Plaintiff's hard work and enormous investment in building its brand over the years, Defendant improperly exploited Plaintiff's trademarks and logo. For example, Defendant infringed Plaintiff's registered trademark "Summer Set Music and Camping Festival" by registering, trafficking in and using the website www.summersetmusicfestivalcamping.com. In addition, Defendant used Plaintiff's trademark to promote its campsite on multiple websites and its Facebook page. Defendant's wrongful actions have resulted in festival-goers renting Defendant's campsites rather than Plaintiff's, caused confusion among festival-goers regarding Defendant's affiliation (or lack thereof) with Plaintiff, and dilution of Plaintiff's brand.

3. This lawsuit is brought to: (a) obtain a permanent injunction prohibiting Defendant from using the Summer Set trade mark or otherwise suggesting to the public that it is affiliated with Plaintiff in any way; (b) recover actual, treble, and statutory damages resulting from Defendant's violations of the Anti-Cybersquatting Consumer Protection Act, the Lanham Act, the and the Wisconsin Deceptive Trade Practices Act; and (c) recover attorneys' fees and costs associated with bringing this action.

## PARTIES

4.     Plaintiff Summer Set is an Illinois limited liability company.  While jurisdiction is not predicated on diversity of citizenship, Plaintiff's sole member is a Delaware limited liability company.

5.     Defendant Float-Rite, Inc. is a Wisconsin corporation with its principal place of business in Somerset, Wisconsin.

## JURISDICTION AND VENUE

6.     This is a civil action alleging Trademark Infringement, Unfair Competition and Cybersquatting arising under 15 U.S.C. §§ 1125(d) (Cyberpiracy); 1114 (Trademark Infringement), 1125(a) (Unfair Competition), as well as a violation of the Wisconsin Deceptive Trade Practices Act, W.S.A. 100.18.

7.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b) and supplemental jurisdiction over the state law claim alleged herein under 28 U.S.C. § 1367(a).

8.     Venue is proper in this district under 28 U.S.C. § 1391(b), (c) and (d).

## FACTS COMMON TO ALL COUNTS

**The Summer Set Music And Camping Festival**

9.     The Festival is a three-day music festival, held annually since 2012 at the Somerset Amphitheater in Somerset, Wisconsin (the "Festival Venue").  The 2015 Festival took place August 14-16.  Attendees traveled to the Festival from all over the country.

10.     The Festival's capacity is over 40,000 people per day.  Festival goers can purchase single day tickets or three-day passes.  In addition to selling tickets to the Festival, Plaintiff also rents access to various campgrounds that are physically connected to the Festival

Venue.  Plaintiff's campsite options range in price from approximately $125 for a tent-only campsite that can accommodate up to six people to $500 for recreational vehicle camping. Plaintiff had approximately 2,880 campsites available for rent.  It was not able to rent all of the available campsites.

11.  In 2015, Plaintiff was forced to reduce the prices of its available campsites in an effort to rent them.  In fact, in 2015, although revenue from ticket sales compared to 2014 significantly increased, revenue generated by campsite rentals declined.

12.  Plaintiff expends significant resources to market and advertise the Festival.  In particular, Plaintiff maintains a website at "www.summersetfestival.com" ("Plaintiff's Website") to market the Festival.  Individuals visiting Plaintiff's Website can, among other things, purchase tickets to the Festival, see the lineup of musical acts performing at the Festival, and reserve and rent campsites at the Festival.  Plaintiff also aggressively markets and advertises the Festival through, among other things, various social media platforms, a variety of other online outlets, miscellaneous print advertisements, street marketing teams and third-party websites.  Plaintiff spends approximately $100,000 per year on these marketing efforts.

**The Summer Set Mark**

13.  On January 22, 2013, Plaintiff filed an application with the United States Patent and Trademark Office ("PTO") for the mark "Summer Set Music & Camping Festival" (Serial No. 85829369).

14.  On May 13, 2014, the PTO granted Plaintiff's registration of the mark "Summer Set Music and Camping Festival" on the Principal Register, Registration No. 4527855 (the "Summer Set Mark").  The Summer Set Mark is *prima facie* evidence of the validity and

ownership of, and is constructive notice of ownership, of the mark, as provided by 15 U.S.C. §§ 1057(b) and 1072.

15.     Plaintiff has expended considerable resources marketing, advertising and promoting goods and services under the Summer Set Mark and has been using the Summer Set Mark since 2012.

16.     Plaintiff has sold a considerable number of tickets and camping site rentals for past Festivals as well as the 2015 Festival pursuant to and while using the Summer Set Mark.

17.     Plaintiff has established goodwill in connection with its business, which goodwill the public associates with the Summer Set Mark.

**Float-Rite Park**

18.     Defendant owns and operates a camping facility called Float-Rite Park on land across the street from the Festival Venue ("Float-Rite Park").

19.     Defendant used the Summer Set Mark and falsely and misleadingly represented an affiliation between Float-Rite Park and the Festival to market, promote and advertise Float-Rite Park in an attempt to lure festival goers who otherwise would camp at Plaintiff's campsites. In doing so, Defendant infringed upon the Summer Set Mark, deceived consumers, created substantial confusion in the marketplace regarding whether Float-Rite Park is affiliated with Plaintiff and diluted Plaintiff's brand.

**Defendant's Float-Rite Website**

20.     Defendant promotes Float-Rite Park on its website with the URL www.floatrite.com ("Defendant's Float-Rite Website").   At the top of the home page of Defendant's Float-Rite Website there was a banner stating: "Camp At Float-Rite During The Summer Set Music Festival" which was a blatant attempt to use the Summer Set Mark to induce

customers to stay at the Float-Rite Park.  A screen shot taken on August 5, 2015 of the Float-Rite Website home page is below as Figure 1.



Fig. 1.

21.     Defendants were not and are not authorized to use any iteration of the Summer Set Mark including, without limitation, the phrase "Summer Set Music Festival" on the Float-Rite Website.

**Defendant's Summer Set Website**

22.     In addition to Defendant's Float-Rite Website, Defendant also promoted Float-Rite Park on a second and new website with the URL www.summersetmusicfestivalcamping.com ("Defendant's Summer Set Website").  A screen shot taken on August 5, 2015 of Defendant's Summer Set Website's home page is below as Figure 2.



Fig. 2

23.     The domain name, sometimes referred to as a URL, www.summersetmusicfestivalcamping.com improperly incorporates the Summer Set Mark, which alone is a violation of anti-cybersquatting laws.

24.     Defendant's Summer Set Website also included artwork depicting the silhouettes of people attending a music festival.  Float-Rite does not regularly host large music festivals and was not hosting a music festival the same weekend as the Summer Set Festival.  The silhouette artwork was designed to confuse consumers and imply that Defendant's campsite is affiliated with Plaintiff's Festival**.**  (*See* Fig. 2, above.)

25.     Defendant's Summer Set Website also prominently displayed the words "Summer Set Music Festival Camping" which directly infringed upon the Summer Set Mark.  (*See* Fig. 2, above.)

26.     Causing further confusion, Defendant's Summer Set Website displayed the lineup of musicians scheduled to play at the 2015 Festival.  A screen shot taken on August 5, 2015 of Defendant's Summer Set Website's home page after scrolling down is below as Figure 3.



Fig. 3.

27.     Defendant's Summer Set Website also had what it referred to as a "Summer Set Music Map."  This reference to the Summer Set Music Map was another misuse of the Summer Set Mark.  A screen shot taken on August 5, 2015 of Defendant's Summer Set Website's home page after scrolling down further is below as Figure 4.



Fig. 4

28.     When a user clicked on the link identified by the words "View Map" in the yellow box, he or she was taken to a map titled "Summer Set *Unofficial* Map 2015."  An official Summer Set logo was incorporated into the map in a prominent position and in a manner that drew the eye directly to the Summer Set Mark and logo as opposed to the Float-Rite Park logo which was obscured.  The map also purported to depict the Festival Venue and Plaintiff's campsites.  The incorporation of the Summer Set Mark and logo in conjunction with the Float-Rite Park logo created the false appearance of an affiliation between Float-Rite Park and Plaintiff.

29.     Through Defendant's Summer Set Website, Defendant offered "Benefits of Camping" which included, among other things, "No Vehicle Searches."  By contrast, it was Plaintiff's policy to search all vehicles entering the Festival Venue and its campsites for prohibited items.  Defendant's offer was a shameless invitation to Festival goers to bring into Float-Rite Park narcotics, firearms, fireworks or other items that are prohibited at the Festival

Venue and the Festival campgrounds. Defendant's offer was an attempt to circumvent Plaintiff's ability to control safety at the Festival. If anyone had died or been injured as a result of an illicit drug, weapon, fireworks or other item that, while prohibited at the Festival, was permitted by Defendant, the death or injury would have severely tarnished the Summer Set brand. That is particularly true because of the confusion created by Defendant regarding its affiliation with Plaintiff.

30.     Defendant also bid on various "ad words" so that a Google search of "summer set music and camping festival" produced a search results page for the internet user featuring a paid advertisement by Defendant linking to Defendant's Summer Set Website. In fact, the very top response in a Google search of the Summer Set Mark led to an advertisement for Defendant and a link to Defendant's Summer Set Website. The advertisement did not mention Float-Rite Park further perpetuating a false relationship between Defendant's Summer Set Website and Plaintiff. A screen shot taken on August 5, 2015 of the Google search results page is below as Figure 5.



Fig. 5

31.     Links to Plaintiff's Website -- the only official Festival website -- appear below Defendant's advertisement in the search results.  (*See* Fig. 5, above.)

**Defendant Uses The Summer Set Mark To
Promote The Float-Rite Park On Its Facebook Page**

32.     Defendant used the Summer Set Mark to advertise Float-Rite Park on its Facebook page.  The "Float Rite Park on the Apple River" Facebook page had a link titled: "Summer Set Music Festival Camping" which linked to a Facebook profile titled "Summer Set Music Festival Camping at Float Rite Park on the Apple River."  This was another infringing use of the Summer Set Mark.

**Cease and Desist Letter**

33.     Plaintiff attempted to resolve its dispute with Defendant without Court intervention.  In particular, after learning about Defendant's Summer Set Website, on July 22, 2015, Plaintiff's affiliate, SFX Entertainment, Inc. ("SFX"), sent a cease and desist letter to Defendant. The letter, among other things, identified the Summer Set Mark, explained that it was a registered trademark, warned that Defendant's use of the Summer Set Mark has and will create consumer confusion and demanded that Defendant immediately cease and desist from using the Summer Set Mark.

34.     On July 27, 2015, an attorney representing Defendant sent a letter to SFX acknowledging receipt of the cease and desist letter and promising to respond to the allegations therein.  On August 7, 2015 -- the day of this filing and 16 days after SFX sent the cease and desist letter -- SFX received a second letter with a substantive proposal that was unacceptable because, among other things, it permitted Defendant to continue to reap the benefits of the infringing URL for Defendant's Summer Set Website.

35.     Plaintiff never authorized Defendant to use the Summer Set Mark or any variation thereof.

**Defendant's Prior Misuse Of Summer Set's Mark and Logo**

36.     In March 2015, shortly after tickets went on sale for the 2015 Festival, Plaintiff learned that Defendant was using the Summer Set Mark, the Summer Set logo and photographs owned by Plaintiff to promote Float-Rite Park campsite on Defendant's Float-Rite Website.  On or around March 20, 2015, Summer Set sent a cease and desist letter to Defendant demanding that it remove the infringing language, logo and photograph and cease and desist from all other uses of Summer Set's intellectual property.

37.     By April 2, 2015, Defendant had removed the Summer Set Mark, logo and photograph from Defendant's Float-Rite Website.  Despite receiving the cease and desist letter in March 2015, Defendant, thereafter, placed new infringing language on Defendant's Float Rite Website and launched Defendant's Summer Set Website sometime prior to July 22, 2015.

**Defendants' Continued Misuse After The Lawsuit Was Filed**

38.     The initial complaint in this matter and a motion seeking a temporary restraining order were filed on August 7, 2015.  Thereafter, Defendant took steps to take down the Defendant's Summer Set Website and removed the infringing language on Defendant's Float-Rite Website and its Facebook page.  However, while Defendant removed infringing material from the internet, it simultaneously placed the Summer Set Mark on its physical sign outside of Float-Rite Park.  The timing of Defendant's use of the Summer Set Mark is not coincidental.  It used the Mark on its placard to attract campers arriving at the Festival who had not yet reserved a campsite.  A photograph taken on August 12, 2015, of Float-Rite's sign is below as Figure 6.



Fig. 6

39. The infringing language was not removed until after Plaintiff's counsel contacted Defendant's counsel about the sign.

<b><u>COUNT I</u></b>

<b>(Cyberpiracy Under Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))</b>

40. Plaintiff repeats and re-alleges paragraphs 1 through 39 above as if fully stated herein.

41. The Summer Set Mark is a distinctive, protectable, famous mark.

42.     Defendant's Summer Set Website "summersetmusicfestivalcamping.com" was identical to the dominant portion of the Summer Set Mark, "Summer Set Music & Camping Festival" in sound, appearance, and commercial impression.

43.     Defendant used Defendant's Summer Set Website in interstate commerce.

44.     Defendant used Defendant's Summer Set Website to promote Float Rite Park.  On information and belief, Defendant also registered and purchased the right to use Defendant's Summer Set Website.  The Summer Set Mark was distinctive at the time Defendant used, registered and/or purchased the right to use Defendant's Summer Set Website.

45.     Defendant committed the acts described herein with a bad faith intention to profit from the Summer Set Mark.  In particular, Defendant's intention was to divert internet users from Plaintiff's Website to Defendant's Summer Set Website by creating a likelihood of confusion.

46.     Even if Defendant's Summer Set Website is currently inactive, it could be reactivated by Defendant at any time thereby reinstating the aforementioned harms to Plaintiff. Likewise, as future Festivals approach, Defendant could renew its wrongful deceptive practices.

47.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

48.     By reason of the foregoing acts, Defendant is liable to Plaintiff for cyberpiracy under 15 U.S.C. § 1125(d).

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment in its favor and against Defendant:

I.     Enjoining Defendant from using Defendant's Summer Set Website;

II.     Ordering Defendant to pay actual damages consisting of: (a) Defendant's profits, any damages sustained by Plaintiff and costs of the action; or, in the alternative, (b) any such sum as the court finds to be just, according to the circumstances;

III.    Ordering Defendant to pay Plaintiff three times the amount found as actual damages;

IV.     Ordering Defendant to pay Plaintiff statutory damages in an amount of $100,000 or any other amount as the court considers just;

V.      Ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

VI.     Granting such other and further relief as the Court finds appropriate.


## COUNT II

## (Trademark Infringement Under the Lanham Act, 15 U.S.C § 1114)

49.     Plaintiff repeats and re-alleges paragraphs 1 through 39 above as if fully stated herein.

50.     Defendant used Defendant's Float-Rite Website, Defendant's Summer Set Website and its Facebook page in interstate commerce.

51.     The URL for Defendant's Summer Set Website "summersetmusicfestivalcamping.com" is identical to the dominant portion of the Summer Set Mark, "Summer Set Music & Camping Festival" in sound, appearance, and commercial impression.  In addition, Defendant used the dominant portion of the Summer Set Mark on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page.

52.     The contemporaneous use by Plaintiff and Defendant of the Summer Set Mark in commerce is likely to cause confusion among the consuming public by leading the public to believe that the goods and services identified by each of them come from the same source.

53.     Defendant has exacerbated its infringement by bidding on ad words with internet search engines, increasing the likelihood that consumers searching for information about the Festival were instead led to Defendant's Summer Set Website.

54.     Defendant's Float-Rite Website, Defendant's Summer Set Website, Defendant's Facebook page and the Summer Set Mark were all used to identify camping facilities in Somerset, Wisconsin.  Guests travel to these campsites from all over the country.

55.     Defendant advertised Float Rite Park by using a URL (sometimes referred to as a domain name) that is identical to the dominant portion of the Summer Set Mark and by using the dominant portion of the Summer Set Mark on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page.

56.     Defendant's actions and deception have deprived and will continue to deprive Plaintiff of the ability to control the perception by the public of the nature and quality of the products and services it offers, causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

57.     Even if Defendant's Summer Set Website is currently inactive, it could be reactivated by Defendant at any time thereby reinstating the aforementioned harms to Plaintiff. Likewise, as future Festivals approach, Defendant could renew its wrongful deceptive practices.

58.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

59.     By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment in its favor and against Defendant by:

I.      Enjoining Defendant from the infringing use of the Summer Set Mark;

II.     Ordering Defendant to pay actual damages consisting of: (a) Defendant's profits, any damages sustained by Plaintiff and costs of the action; or, in the alternative, (b) any such sum as the court finds to be just, according to the circumstances;

III.    Ordering Defendant to pay Plaintiff three times the amount found as actual damages;

IV.     Ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

V.      Granting such other and further relief as the Court finds appropriate.

## COUNT III

### (Unfair Competition Under The Lanham Act, 15 U.S.C. § 1125(a))

60.     Plaintiff repeats and re-alleges paragraphs 1 through 39 above as if fully stated herein.

61.     The Summer Set Mark is a distinctive, protectable, famous mark.

62.     Defendant used Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page in interstate commerce.

63.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page to promote, market, or sell products or services constituted unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

64.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website

and Defendant's Facebook page has caused, and is likely to continue to cause confusion, mistake, and deception among consumers. Defendant's unfair competition has caused, and will continue to cause, damage to Plaintiff causing irreparable harm to Plaintiff for which there is no adequate remedy at law.

65. Even if Defendant's Summer Set Website is currently inactive, it could be reactivated by Defendant at any time thereby reinstating the aforementioned harms to Plaintiff. Likewise, as future Festivals approach, Defendant could renew its wrongful deceptive practices.

66. As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment in its favor and against Defendant by:

I. Enjoining Defendant from the infringing use of the Summer Set Mark;

II. Ordering Defendant to pay actual damages consisting of: (a) Defendant's profits, any damages sustained by Plaintiff and costs of the action; or, in the alternative, (b) any such sum as the court finds to be just, according to the circumstances;

III. Ordering Defendant to pay Plaintiff three times the amount found as actual damages;

IV. Ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

V. Granting such other and further relief as the Court finds appropriate.

## COUNT IV

### (Trademark Dilution Under The Lanham Act, 15 U.S.C. § 1125(c))

67. Plaintiff repeats and re-alleges paragraphs 1 through 39 above as if fully stated herein.

68. The Summer Set Mark is a distinctive, protectable, famous mark.

69. The URL for Defendant's Summer Set Website "summersetmusicfestivalcamping.com" is identical to the dominant portion of the Summer Set Mark, "Summer Set Music & Camping Festival" in sound, appearance, and commercial impression. In addition, Defendant used the dominant portion of the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page.

70. Defendant began using Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website and Defendant's Facebook page after the Summer Set Mark became distinctive.

71. Defendant used Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page in interstate commerce.

72. Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page diluted the Summer Set Mark.

73. Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page tarnished the Summer Set Mark by causing consumers to mistakenly associate the Summer Set Mark with Float Rite Park.

74.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark, or derivations thereof, in conjunction with other imagery and information associated with Plaintiff and the Festival, on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page caused dilution by blurring.

75.     Defendant willfully intended to trade on the recognition of the Summer Set Mark.

76.     Even if Defendant's Summer Set Website is currently inactive, it could be reactivated by Defendant at any time thereby reinstating the aforementioned harms to Plaintiff. Likewise, as future Festivals approach, Defendant could renew its wrongful deceptive practices.

77.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

78.     By reason of the foregoing acts, Defendant is liable to Plaintiff for trademark infringement under 15 U.S.C. § 1125(c).

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment in its favor and against Defendant by:

I.      Enjoining Defendant from the infringing use of the Summer Set Mark;

II.     Ordering Defendant to pay  actual damages consisting of: (a) Defendant's profits, any damages sustained by Plaintiff and costs of the action; or, in the alternative, (b) any such sum as the court finds to be just, according to the circumstances;

III.    Ordering Defendant to pay Plaintiff three times the amount found as actual damages;

IV.     Ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

V.      Granting such other and further relief as the Court finds appropriate.

## COUNT V

### (Statutory Infringement Of A Common Law Trademark, 15 U.S.C. § 1114 )

79.     Plaintiff repeats and re-alleges paragraphs 1 through 48 above as if fully stated herein.

80.     The Summer Set Mark, "Summer Set Music and Camping Festival" is a distinctive, protectable mark.  Moreover, derivations of the Summer Set Mark such as "Summer Set," "Summer Set Music Festival," "Summer Set Music Festival Camping" and "Summer Set Camping" (collectively, the "Common Law Marks") are distinctive, protectable marks.

81.     Plaintiff is entitled to protect the Common Law Marks against Defendant's infringing activities because Plaintiff's use in commerce of the Common Law Marks preceded Defendant's use in commerce of the Common Law Marks.

82.     Defendant's use of the Common Law Marks on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page to promote, market and sell products or services infringed Plaintiff's rights because Defendant's use of the Common Law Marks caused, and is likely to continue to cause, confusion among consumers as to Defendant's affiliation, connection or association with the Common Law Marks.

83.     Even if Defendant's Summer Set Website is currently inactive, it could be reactivated by Defendant at any time thereby reinstating the aforementioned harms to Plaintiff. Likewise, as future Festivals approach, Defendant could renew its wrongful deceptive practices.

84.     As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

85.     By reason of the foregoing acts, Defendants are liable to Plaintiff for trademark infringement under 15 U.S.C. § 1114.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment in its favor and against Defendant by:

I.      Enjoining Defendant from the infringing use of the Common Law Marks;

II.     Ordering Defendant to pay actual damages consisting of: (a) Defendant's profits, any damages sustained by Plaintiff and costs of the action; or, in the alternative, (b) any such sum as the court finds to be just, according to the circumstances;

III.    Ordering Defendant to pay Plaintiff three times the amount found as actual damages;

IV.     Ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

V.      Granting such other and further relief as the Court finds appropriate.

## COUNT VI

### (Violation of Wisconsin Deceptive Trade Practices Act, W.S.A. 100.18)

86.     Plaintiff repeats and re-alleges paragraphs 1 through 39 above as if fully stated herein.

87.     Defendant's use of Defendant's Summer Set Website and the Summer Set Mark on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page represented to the public that Float Rite Park is associated with the Festival.

88.     Defendant's used Defendant's Summer Set Website and the Summer Set Mark on Defendant's Float-Rite Website, Defendant's Summer Set Website and Defendant's Facebook page with an intention to induce consumers to rent camping facilities at Float Rite Park.

89.     Defendant's suggestion that Float Rite Park is associated with the Festival was untrue, deceptive and misleading.

90. Even if Defendant's Summer Set Website is currently inactive, it could be reactivated by Defendant at any time thereby reinstating the aforementioned harms to Plaintiff. Likewise, as future Festivals approach, Defendant could renew its wrongful deceptive practices.

91. As a result of Defendant's wrongful conduct, Plaintiff has suffered and will continue to suffer harm some of which is quantifiable, but some of which is not quantifiable but, rather, is irreparable and for which there is no adequate remedy at law.

92. By reason of the foregoing, Defendant is liable to Plaintiff for violation of Wisconsin's Deceptive Trade Practices Act, W.S.A. 100.18.

WHEREFORE, Plaintiff respectfully requests that the Court enter a Judgment in their favor and against Defendant by:

I. Enjoining Defendant from using Defendant's Summer Set Website or the Summer Set Mark or any derivation thereof;

II. Ordering Defendant to pay Plaintiff's pecuniary loss caused by its deceptive practices;

III. Ordering Defendant to pay Plaintiff's attorneys' fees and costs; and

IV. Granting such other and further relief as the Court finds appropriate.

SUMMER SET MUSIC AND
CAMPING FESTIVAL LLC

By:    Joshua E. Liebman     
     One of Its Attorneys

Ted Waskowski
Barbara Nieder
STAFFORD ROSENBAUM LLP
222 West Washington Ave., Suite 900
P.O. Box 1784
Madison, Wisconsin 53701-1784
(608) 256-0226

*Of Counsel*
Michael A. Weinberg
Joshua E. Liebman
Brian E. Cohen
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, Illinois 60606
(312) 419-6900
Doc. #747145

## <u>VERIFICATION</u>

I declare under penalty of perjury that the foregoing is true and correct.

_____
Nick Karounos

**CERTIFICATE OF SERVICE**

Joshua E. Liebman, an attorney, hereby certifies that, on October 20, 2015, he caused a true and correct copy of the foregoing **First Amended Verified Complaint For Injunctive And Other Relief**, to be filed electronically with the Court's CM/ECF system, and that notice of this filing was sent by electronic mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to receive electronic filings as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

_____ /s/ Joshua E. Liebman_____